(V. D. 81)

COMPASS INSTRUMENT & OPTICAL CO., INC., ET AL. *v.* UNITED STATES

Entry No. 843838, etc.

(Decided August 22, 1958)

*Brooks & Brooks* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This is a valuation proceeding which arose by virtue of judgments issued by the second division of this court in the cases of *Compass Instrument & Optical Co., Inc. v. United States,* 37 Cust. Ct. 295, Abstract 60122, and *Compass Instrument & Optical Co. v. United States,* 39 Cust. Ct. 342, Abstract 60980, wherein the matters were remanded to a single judge sitting in reappraisement, pursuant to the provisions of title 28, U. S. C. § 2636 (d).

The parties to this proceeding have stipulated and agreed as follows:

1. That the merchandise consists of drawing sets and cases which were held by the Court in COMPASS INSTRUMENT & OPTICAL CO., INC. v. UNITED STATES, Abstracts 60122 and 60980, to be the subject of appraisement separately according to the value of each class of articles.

2. That the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was as shown on the attached schedule.

3. That there was no higher foreign value.

Upon the agreed facts, I find and hold that export value, as such value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the

drawing instruments and cases therefor covered by the remands of protests enumerated in the schedule, attached to and forming part of this decision, and that such value is as shown in schedule "A," attached to and made part of this decision.

I further find and hold such values to be the proper dutiable values of said merchandise.

As to all other merchandise, the remands are dismissed. ··

Judgment will issue accordingly.